LOUIS S. REED ET AL., ADMINISTRATORS, &c., DEFEND-ANTS IN ERROR, v. FIREMEN'S INSURANCE COMPANY OF NEWARK, N. J., PLAINTIFF IN ERROR.

Argued July 6, 1909—Decided November 15, 1909.

In the trial of a suit, founded upon a fire insurance policy, to recover for a loss, where the value of the insured property destroyed by fire was in controversy, an expert witness as to values of property was called by the plaintiff, and testified to his opinion of the value of the property in question at the time of the fire. Upon his cross-examination he was asked by defendant's counsel certain questions (set forth at length below) respecting the price at which he had sold the property about two years before the fire, and also questions relating to his interest in the event of the suit, which the court overruled; and it was *held* error.

On error to the Hudson Circuit Court.

For the plaintiff in error, *Leon Abbett* and *Alfred F. Skinner.*

For the defendants in error, *Samuel A. Besson* and *Joseph M. Roseberry.*

The opinion of the court was delivered by

VREDENBURGH, J.   The assignments of error brought up upon the record by the plaintiff in error are quite formidable in number (sixty-three), but, to answer present purposes, it is deemed sufficient to reach a result respecting only two of

them, the ninth and tenth errors complained of. This is a suit upon a fire insurance policy, dated October 9th, 1903, to recover for a loss by fire happening to two buildings in Hoboken, New Jersey, on February 23d, 1905. The plaintiffs, who are the legal representatives of the intestates, David F. Reed and James A. Reed, deceased, averred, and at the trial held before the Hudson County Circuit Court, produced evidence to show that their intestates had, at the time of the fire, an insurable interest in the property burned, as mortgagees thereof, and that the destruction of the buildings had been total. The immediate subject of investigation in dispute, presented by the testimony at the trial (in connection with which the rulings of the trial judge have been attacked), related to the value of the buildings at and before the occurrence of the fire.

David Engler, an expert witness upon such values, called by the plaintiffs, had been asked on his direct examination the following question, viz.: "Q. What, in your judgment, was the actual cash value of that property, of the two buildings together, at the time they were burned?" and the answer was: "Well, I should judge them two buildings would be worth about $8,500."

Upon his cross-examination, which immediately followed, he was asked: "Did you not sell this property, including the houses and lots, for $8,000, on January 15th, 1903?"

Upon objection made by the plaintiffs to this question, on the stated grounds that it was "incompetent, irrelevant and immaterial, and that the question should be as to the market value," the court overruled it, against exception by the plaintiff in error.

This action of the court seems to us to have been clearly erroneous. If the witness had sold these buildings, including the land upon which they stood, about two years before the fire, for $8,000, the cross-examiner was certainly entitled to know from him his reasons for the difference between his judgment of values, as evidenced by his actual and recent sale of the property in question and his present opinion of

their worth. The answer sought for from the witness to test the grounds of these seemingly widely variant estimates of value by him was so obviously the legitimate purpose and right of the cross-examination under the circumstances that further consideration here of the legality of the ruling of the court seems to be uncalled for.

Upon the witness' further cross-examination he was asked this question: "Mr. Engler, in case the plaintiffs in this suit should recover to the extent of $7,000, don't you expect to get one of that seven?"

That the object of this question was to discover the witness' interest in the event of the suit was apparent on its face, and the attention of the court was expressly directed to the point by the cross-examining counsel in these words: "I think it should appear that we claim the right to ask this question, not only as a matter of defence, but as affecting the *credibility* of the witness." The question was excluded by the court under exception by defendant.

This inquiry was certainly competent for the purpose (both apparent and stated) of showing the interest of the witness in the result of the action, and thus tending to reflect upon his credibility.

For these reasons the judgment below will be reversed and a *venire de novo* be awarded.

*For affirmance*—None.

*For reversal*—THE CHIEF JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, DILL, JJ. 12.